[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16660
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2009
THOMAS K. KAHN
CLERK

Agency No. A099-555-085

JORGE EDUARDO MENDIETA-ESCRUCERIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 11, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Eduardo Mendieta Escruceria ("Mendieta") petitions for review of the

Board of Immigration Appeals' ("BIA") decision reversing the Immigration Judge's ("IJ") order that granted him withholding of removal under the Immigration and Nationality Act ("INA"). Mendieta, a citizen of Colombia, claimed past persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on his activities as a member of the Primero Colombia political party distributing flyers and coordinating youth outreach efforts. After review, we deny the petition for review.[1]

An alien seeking withholding of removal must show that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). In other words, the alien bears the burden to show that it is "more likely than not" that he will be persecuted on account of one of the five protected grounds if returned to his country. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (hyphens omitted). To establish eligibility, the alien must show either that he suffered past persecution or that he has a well-founded fear of future persecution. See 8 C.F.R. § 208.16(b)(1)-

---

[1]Mendieta does not challenge the BIA's denial of his requests for asylum or for relief under the United Nations Convention Against Torture or the BIA's conclusions regarding future persecution in his request for withholding of removal. Thus, we do not address these claims further. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

(2); Mendoza, 327 F.3d at 1287.[2]

Although the INA does not define persecution, this Court has stated that "persecution is an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation." Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007) (quotation marks omitted). This Court has concluded that threats in conjunction with a brief detention or a minor physical attack that did not result in serious physical injury do not rise to the level of persecution. See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (36-hour detention, beating and threat of arrest); Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (5-day detention).

Here, we cannot say the evidence compels a conclusion that Mendieta suffered past persecution. During Mendieta's six brief encounters with the FARC over a two-month period, the FARC threatened and insulted him. In addition, in two encounters, the FARC pushed Mendieta. In a third encounter, Mendieta was kicked twice. During the final encounter, four FARC members carrying poles chased Mendieta for several minutes. However, Mendieta never suffered any

---

[2]"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA did not adopt the IJ's opinion or his reasoning, we review only the BIA's decision. We review a factual determination that an alien is statutorily ineligible for withholding of removal under the substantial evidence test. Id. at 1283-84. Under the substantial evidence standard, "we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

3

physical injury as a result of his brushes with the FARC.

This harassment falls short of the extreme mistreatment found in other cases in which this Court has concluded that the record compelled a conclusion that the petitioner was persecuted. See, e.g., De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008-10 (11th Cir. 2008) (involving repeated death threats, torture and murder of petitioner's groundskeeper, assault resulting in hospitalization, kidnapping and beating with guns resulting in hospitalization); Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215-17 (11th Cir. 2007) (involving threats, numerous interrogations and beatings during a 15-day detention that resulted in two-month hospitalization, and two subsequent physical attacks after petitioner fled to Argentina); Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007) (involving written threats and "condolence" letter, assault with a rock and detention at gunpoint, during which petitioner was thrown to the ground and hit with a gun, breaking his nose and requiring surgery); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1233 (11th Cir. 2007) (involving attempted murder of petitioner, attempted kidnapping of his daughter, and death threats); Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861-62 (11th Cir. 2007) (involving threatening phone calls, car vandalization, detention by masked men who pointed and mock fired unloaded guns at petitioners, and a severe beating requiring medical treatment).

Therefore, we cannot say the BIA erred in denying Mendieta's claim for withholding of removal.[3]

**PETITION DENIED.**

---

[3]We reject Mendieta's argument that the BIA did not give sufficient deference to the IJ's past persecution finding. The BIA reviews <u>de novo</u> "the application of legal standards [to factual determinations], such as whether the facts established by an alien amount to past persecution or a well-founded fear of persecution." <u>In re A-S-B</u>, 24 I. & N. Dec. 493, 496 (BIA 2008) (quotation marks omitted). Thus, the BIA was not required to defer to the IJ's finding that the mistreatment amounted to persecution.